# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TOUCH HOLDING COMPANY,** | * | **CIVIL ACTION NO.** |
| | * | |
| **Plaintiff,** | * | |
| | * | **SECTION " "** |
| **VERSUS** | * | |
| | * | |
| **COPELAND'S CHEESECAKE** | * | **MAG. DIV.** |
| **BISTRO, L.L.C.,** | * | |
| | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes plaintiff Touch Holding Company, which respectfully represents the following to this Honorable Court:

## PARTIES

1.

Plaintiff Touch Holding Company ("Touch Holding") is a company incorporated and with its principal place of business in the Country of Kuwait.

2.

Defendant Copeland's Cheesecake Bistro, L.L.C. ("Copeland's") is a limited liability company organized and existing in the State of Louisiana with its principal place of business and doing business in this State and District.

## JURISDICTION AND VENUE

3.

This Honorable Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, in that this civil action is between citizens of a State and foreign state and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

4.

Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to this claim occurred in this District.

## FACTUAL BACKGROUND

5.

In May 2011, Touch Holding approached Copeland's about opening its Cheesecake Bistro restaurant in six (6) middle-eastern countries, including Kuwait, Qatar, Saudi Arabia, United Arab Emirates, Bahrain and Oman.

6.

On or about May 25, 2011, Copeland's prepared a "Letter of Intent" by which it offered to sell the "master franchising and development rights" to Touch Holding for these six (6) countries and proposed fees for these rights.

7.

In the Letter of Intent, Copeland's required Touch Holding to pay an initial deposit upon execution of the Letter of Intent and the balance of all fees upon execution of a final agreement:

> A Good Faith Deposit of one hundred thousand dollars ($100,000 U.S.) to be paid upon acceptance of this proposal. Balance of upfront fees to be paid upon execution of Master Franchise Agreement.

8.

On or about May 25, 2011, Touch Holding's Chairman executed the Letter of Intent.

9.

On that same date, Copeland's sent an Invoice to Touch Holding for "Deposit for Development Rights" in the amount of $100,000.00.

10.

On or about May 30, 2011, Touch Holding paid a deposit of $100,000.00 to Copeland's by wire transfer to its bank account in New Orleans, Louisiana.

11.

Over the course of the next several months, the parties attempted to negotiate the terms of the Master Franchise Agreement required by the Letter of Intent.

12.

By October 2011, however, the parties were unable to agree upon the terms of a final Master Franchise Agreement and Touch Holding demanded the return of the $100,000 deposit.

13.

On October 21, 2011, Copeland's informed Touch Holding that it would not return the $100,000 deposit.

14.

To date, Copeland's has refused to return the $100,000 deposit to Touch Holding despite multiple amicable demands.

## CLAIM
## BREACH OF CONTRACT-RETURN OF DEPOSIT

15.

Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 14 above.

16.

In accordance with La. Civil Code art. 2623, the Letter of Intent established a contract to sell Copeland's franchising and development rights in the six (6) identified countries upon execution of a Master Franchise Agreement.

17.

In the Letter of Intent, the parties agreed that $100,000 would be transferred by Touch Holding to Copeland's as a "Good Faith Deposit … to be paid upon acceptance of this proposal" and that the "[b]alance of upfront fees to be paid upon execution of Master Franchise Agreement."

18.

In accordance with La. Civil Code art. 2624, Copeland's was required to return the $100,000 deposit because the Letter of Intent did not identify the deposit as earnest money or stipulated damages and the parties did not execute a Master Franchise Agreement required by the Letter of Intent.

19.

Defendant's failure to return the $100,000 deposit is a breach of the Letter of Intent.

20.

As a result, plaintiff is entitled to a judgment against defendant in the amount of $100,000.00.

## ALTERNATIVE CLAIM
## ENRICHMENT WITHOUT CAUSE

21.

Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 14 above.

22.

In the event that plaintiff has no claim for breach of contract (or return of the deposit) as set forth above, Copeland's has been enriched without cause and Touch Holding has been impoverished in the amount of $100,000 that Touch Holding transferred to the account of Copeland's on or about May 30, 2011, which amount Copeland's has failed and refused to return to Touch Holding despite amicable demand.

23.

Pursuant to La. Civil Code art. 2298, plaintiff is entitled to a judgment in the amount $100,000.00, which is the amount that defendant has been enriched and/or plaintiff has been impoverished.

## PRAYER

**WHEREFORE**, plaintiff Touch Holding Company respectfully prays that, after all due proceedings, judgment be entered in his favor and against defendant Copeland's Cheesecake

Bistro, L.L.C. in the amount of $100,000.00, as well as attorney's fees, costs, legal interest, and any and all other legal and/or equitable relief to which plaintiff may be entitled.

Respectfully submitted,

*/s/ Andrew L. Kramer*

**ANDREW L. KRAMER, T.A. (Bar No. 23817)**
201 St. Charles Avenue, Suite 2504
New Orleans, Louisiana 70170
Telephone:    (504) 599-5623
Facsimile:    (866) 667-3890
Email: akramer@kramerllc.com

**Counsel for Plaintiff**
