UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOUCH HOLDING COMPANY | CIVIL ACTION |
| VERSUS | NO. 15-5711 |
| COPELAND'S CHEESECAKE BISTRO, L.L.C. | SECTION A(4) |

### ORDER AND REASONS

Before the Court is a **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 12)** filed by Plaintiff/Couterclaim-Defendant Touch Holding Company ("Touch Holding"). Defendant/Counterclaim-Plaintiff Copeland's Cheesecake Bistro, LLC ("Copeland's") opposes the motion. The motion, set for submission on January 27, 2016, is before the Court on the briefs without oral argument.

**I.    Background**

This suit is based on business dealings between Touch Holding and Copeland's. In May 2011, Touch Holding and Copeland's began discussions about Touch Holding opening Copeland's Cheesecake Bistro restaurant in six countries. (Rec. Doc. 1 at 2). Copeland's prepared a "Letter of Interest," in which it offered to sell certain rights to Touch Holding and proposed fees for these rights. (Rec. Doc. 12-1). In the letter, Copeland's required Touch Holding to pay a deposit upon execution of the letter. (*Id.*) The parties executed the letter, and Touch Holding paid a deposit of $100,000. (*Id.*) By October 2011, the parties were unable to agree on the final terms of the transaction. (*Id.*) Touch Holding demanded a return of its deposit, and Copeland's refused to return it. (*Id.*)

On November 4, 2015, Touch Holding filed suit, alleging breach of contract or, alternatively, enrichment without cause. (Rec. Doc. 1). Copeland's filed its answer, asserting affirmative defenses

1

and counterclaims. (Rec. Doc. 9). Copeland's counterclaims include promissory estoppel and detrimental reliance, negligent misrepresentation, and intentional misrepresentation. (*Id.*)

**II.     Analysis**

In the instant motion, Touch Holding argues that Copeland's counterclaims are prescribed under Louisiana law. Alternatively, Touch Holding argues that Copeland's counterclaims should be re-designated affirmative defenses. In its opposition, Copeland's argues that its claims have not prescribed, asserting that the prescription period has not started to run. Copeland's argues that because it still has the deposit, it has not yet suffered damages. According to Copeland's, since it has not suffered damages, the prescriptive period has not started to run on its claims.

In the context of a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-movant. *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the non-movant, the complaint states a valid claim for relief. *See Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th

Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 556 U.S. at 680).

Regarding Copeland's counterclaims of promissory estoppel and detrimental reliance, the Court finds that, viewed in the light most favorable to Copeland's, Copeland's states a valid claim for relief. Touch Holding has failed to persuade the Court that these claims are governed by a one-year prescriptive period. For this proposition, Touch Holding cited the case of *Ames v. Ohle*, 97 So.3d 386 (La. App. 4 Cir. 2012), *writ denied*, 100 So.3d 837 (La. 2012). As Copeland's asserts, however, the *Ames* court made a distinction that Touch Holding failed to consider. The *Ames* court wrote, "In considering this claim the court must determine whether it is viewed as contractual in nature, and thus governed by the prescriptive period of ten years for personal actions, or delictual in nature, and thus governed by a one year prescription." *Id.* at 393. The court found that because that plaintiff's claims were based on false statements and omissions, as opposed to specific promises, her claims were subject to the one-year prescriptive period. *Id.*

Touch Holding offers no basis to establish that Copeland's claims are delictual as opposed to contractual, leading this Court to find that, when viewed in a light most favorable to Copeland's, Copeland's claims are contractual in nature and therefore subject to the ten-year prescriptive period. Thus, with regard to Copeland's counterclaims of promissory estoppel and detrimental reliance, the Court denies Touch Holding's motion.

Regarding Copeland's claims of negligent misrepresentation and intentional misrepresentation, the Court finds that the one-year prescriptive period has run. As both parties note, Louisiana Civil Code Article 3492 provides that the prescriptive period begins to run from the day injury or damage is sustained. While Copeland's asserts that it has suffered no injury yet because it has not been required to return the deposit, the Court finds that Copeland's complaint alleges damages beyond the deposit. Copeland's alleges that it "incurred legal expenses and costs in development of an international master franchise agreement, international multi-unit franchise agreement and

3

international general terms and conditions with various exhibits as well as legal costs for trademark protection, recipe re-design and other activities." (Rec. Doc. 9 at 8). According to the complaint, Copeland's suffered these damages in 2011, meaning the one-year prescriptive period has now run. However, the Court finds that these arguments can be asserted as affirmative defenses and shall re-designate them as such, per the authority granted to it under Rule 8(c)(2) of the Federal Rules of Civil Procedure.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 12)** is **DENIED IN PART**, insofar as Copeland's counterclaims for promissory estoppel and detrimental reliance survive the motion;

**IT IS FURTHER ORDERED** that the motion is **GRANTED IN PART**, insofar as Copeland's counterclaims of negligent misrepresentation and intentional misrepresentation are re-designated as affirmative defenses.

February 1, 2016

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE